IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Case No. CR2-07-209 |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | Magistrate Judge Terence P. Kemp |
| LANCE K. POULSEN and : | |
| KARL A. DEMMLER : | |
| : | |
| Defendants. : | |

## OPINION AND ORDER

### I.  INTRODUCTION

Defendant Lance Poulsen has moved to strike language he deems irrelevant and prejudicial surplusage in the indictment (docket no. 63).[1]  For the reasons described below, Poulsen's motion is **DENIED**.

### II.  ANALYSIS

Federal Rule of Criminal Procedure 7(d) authorizes a district court to "strike surplusage from the indictment or information."  The rule applies to "nonessential allegations that could prejudicially impress the jurors," but the Sixth Circuit has cautioned that "Rule 7(d) has been strictly construed against striking surplusage."  *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974).  Moreover, "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it

---

[1] Demmler has moved to join in Poulsen's motion (docket no. 64).  The Court **GRANTS** Demmler's request.

may be (provided, of course, it is legally relevant)." *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993).

Poulsen asks the Court to strike all or portions of paragraphs 4, 5, 8, 9, 10, 11, and 12(d).[2] None of his arguments has merit.

1. Paragraph 4

Paragraph 4 of the indictment reads:

> On or about May 19, 2006, a grand jury sitting in the Southern District of Ohio returned an indictment (the "NCFE Indictment") charging Poulsen and six other defendants with conspiracy, securities fraud and other crimes arising out of their fraudulent conduct in connection with NCFE's offering of more than $2 billion in securities.

Poulsen argues that this language is not relevant to the witness-tampering and obstruction charges in this case and is unfairly prejudicial. He proposes that paragraph 4 be substituted with language stating merely that he "was previously indicted in the Southern District of Ohio for a crime punishable by imprisonment for a term exceeding one year."

The Court disagrees. The nature of Poulsen's underlying criminal charges—securities fraud, wire fraud, money laundering, and conspiracy—and the scope of those alleged offenses—affecting more than $2 billion in investment offerings—is relevant to his motive for engaging in the witness-tampering and obstruction activities for which he has been indicted in this matter. Thus, the Court finds persuasive the Government's argument that "[i]nclusion of the

---

[2]Poulsen brought his motion prior to the Government's filing of the second superceding indictment. To the extent Poulsen seeks to strike language that was contained in the superceding indictment, but is not contained in the second superceding indictment, his motion is **MOOT**.

magnitude of the fraud communicates to the jury in a common sense way the seriousness of the charges Poulsen faced and therefore his motive to obstruct justice."

Other courts faced with motions to strike surplusage on like relevancy and prejudice grounds have agreed.  In *United States v. Doreza*, No. 06-20063, 2006 U.S. Dist. LEXIS 46274, *2-3 (E.D. Mich. July 10, 2006), for example, the defendants were indicted on charges of conspiracy, making false statements, and perjury, in connection with an earlier civil suit brought against them by the Government.  The indictment set forth information about the civil suit.  When the defendants challenged this information as irrelevant to the offenses they were accused of committing, the district court declined to strike it, concluding instead that "the paragraphs in question provide a context for the charges and are relevant to Defendants' motive."  *Id.* at *5; *see also United States v. Bortnick*, No. 03-0414, 2004 U.S. Dist. LEXIS 23988, *11-12 (E.D. Pa. Nov. 30, 2004) (refusing to strike information in any indictment because "[t]he allegations in the contested paragraphs . . . are generally relevant to the charge of bank fraud, as they detail the scope of, and the steps in, Defendant's alleged scheme to defraud, as well as his intent and motive in taking the allegedly fraudulent actions").

### 2. Paragraph 5

Next, Poulsen urges the Court to strike the first sentence in paragraph 5 to the extent it refers to the NCFE fraud conspiracy and the second sentence insofar as it mentions that "Witness A"[3] pleaded guilty to crimes in connection with the fraud conspiracy.  Paragraph 5 reads:

> On or about August 18, 2003, Witness A plead[ed] guilty to a
> conspiracy charge arising out of her participation with Poulsen and

---

[3] It is now publically known that "Witness A" was former NCFE executive Sherry Gibson.

> others in the same fraud conspiracy alleged in the NCFE
> Indictment. At the time she entered her guilty plea, Witness A
> agreed to cooperate with the United States in its ongoing
> investigation of the NCFE fraud conspiracy and to testify truthfully
> at any judicial proceeding.

The Court finds that this paragraph does not contain any irrelevant or unduly prejudicial material. As discussed above, the NCFE fraud conspiracy is relevant to explaining why Poulsen undertook the alleged witness-tampering scheme. Second, the reference to Gibson's guilty plea in no way suggests that Poulsen is guilty of the same crimes, as he seems to imply. Rather, this information is relevant to explaining how Gibson came to be a confidential informant for the Government in this case (she had agreed to cooperate with the Government's investigation into the NCFE fraud), and why Poulsen had an interest in influencing her (she had agreed to testify at his fraud trial).

### 3. "Means and Methods of the Conspiracy"

Poulsen requests that the Court strike paragraphs 8-11, comprising the section of the indictment entitled "Means and Methods of the Conspiracy." There is no basis for granting Poulsen's request. These four paragraphs spell out what steps Poulsen took to effectuate the witness-tampering scheme, including how he communicated with Gibson through Demmler, what he asked her to do, and the financial reward he promised her in return. Given that paragraphs 8-11 comprise the factual heart of the indictment's allegations against Poulsen, the Government will no doubt, as it says, offer proof in support of them at trial. Accordingly, paragraphs 8-11 "cannot be considered surplusage no matter how prejudicial [they] may be." *Moss*, 9 F.3d at 550. Furthermore, insofar as Poulsen claims that the description of his alleged

witness-tampering activities is "misleading and factually distorted," such an argument inherently contests the veracity of the charges against him and is best addressed to the jury.

### 4. Paragraph 12(d)

Poulsen objects to the word "conceal" in paragraph 12(d) on the grounds that it is irrelevant to the elements of the offenses with which he is charged and "unfairly characterizes [his] conduct in a manner that has yet to be proven." This paragraph provides:

> On or about October 2, 2007, Poulsen informed Demmler that they would conceal payments to Witness A by having Poulsen fund Demmler's legal research company with monthly checks made payable in different amounts but 'never less than five [thousand dollars],' and by having Demmler then use those funds to pay Witness A, but in the same amount Poulsen would transmit to Demmler's company.

The use of the word "conceal" is neither irrelevant, nor prejudicial. Allegations that Poulsen was attempting to hide his payments to Gibson are relevant to whether his activities involving her were improper. The Government asserts that it will proffer evidence of this concealment, and therefore "conceal" may not be stricken.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Poulsen's motion to strike (docket no. 63).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: March 17, 2008**